IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITY NATIONAL : | |
| INSURANCE COMPANY : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-6736 |
| FEDERAL DEPOSIT INSURANCE : | |
| CORPORATION, As Receiver For : | |
| VANTAGE POINT BANK : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                    **MAY  1 , 2015**

      Presently before the Court is the Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).  (ECF No. 37.)  For the following reasons, the Motion will be granted.

**I.     BACKGROUND**

      This is a declaratory judgment action under 28 U.S.C. § 2201.  Plaintiff, Security National Insurance Company, seeks a declaration that it does not owe a defense and indemnity to its insured, Defendant Federal Deposit Insurance Corporation as Receiver for Vantage Point Bank, with regard to the action *Dougherty v. VFG, LLC f/k/a Voyager Financial Group, LLC, et al*.  (Compl., ECF No. 1.)  Defendant has affirmatively withdrawn its demand for insurance coverage, and it represents that it will not reassert its claim for coverage in the future.  Defendant now moves to dismiss this action for lack of subject matter jurisdiction.

      In March 2013, Vantage Point Bank was insured under a claims-made Directors and Officers Liability Insurance policy (the "Policy") issued by Plaintiff.  (Compl. ¶¶ 21, 36.)  On March 13, 2013, Edward J. Dougherty and Henrietta D'Agostino filed a Complaint in the Court

of Common Pleas of Bucks County, Pennsylvania against Vantage Point Bank, and others.[1] (Compl. ¶ 6.) Dougherty and D'Agostino brought claims with regard to the brokering, sale, and underwriting of certain pension stream securities. (*Id*. at ¶¶ 7-20.) On May 8, 2013, after receipt of the lawsuit, Vantage Point Bank gave notice of this claim to Plaintiff seeking coverage under the Policy. (*Id*. at ¶ 22.) Plaintiff preliminarily denied coverage on August 2, 2013, but agreed to provide defense costs subject to a reservation of rights. (*Id*. at ¶ 31.) On September 6, 2013, Plaintiff informed Vantage Point Bank that the Policy did not provide coverage for the claim, and that Plaintiff intended to file a declaratory judgment action to confirm this. (*Id*. at ¶ 32.)

Plaintiff filed this action on November 20, 2013. Plaintiff seeks a declaration that Vantage Point Bank's Policy does not provide coverage for the *Dougherty* action. (Compl.) On February 28, 2014, the Pennsylvania Department of Banking closed Vantage Point Bank and appointed the FDIC as Receiver. (Def.'s Mem. in Supp. of Mot. to Substitute Party 2-3, ECF No. 22-1.) The FDIC was substituted as the named Defendant on April 22, 2014, and this action was placed in civil suspense pending Plaintiff's presentment and resolution of an administrative claim before the FDIC. (ECF No. 24.) On January 15, 2015, this action was removed from civil suspense. (ECF No. 29.)

On January 20, 2015, Defendant formally withdrew its claim for coverage. (Def.'s Mem. in Supp. of Mot. 3 & Ex. 2, ECF No. 37.) Plaintiff responded by requesting an affirmative representation that Defendant would not reassert a claim for coverage in the future. (*Id*. at 3-4 & Ex. 3.) Defendant provided this affirmative representation. (*Id*. at 4 & Ex. 3.) In addition, Defendant formally represented to this Court that it "has withdrawn the underlying claim for coverage . . . and has represented to Security National that the [Defendant] will never re-submit a

---

[1] The *Dougherty* action was later removed to this Court. It remains pending at Docket No. 14-2262.

claim for coverage . . . in connection with the *Dougherty* Action." (Jan. 26, 2015 Ltr. 1, ECF No. 31.) On January 28, 2015, Plaintiff responded with a proposed stipulation to dismiss this action, which contained language that it represented "a final adjudication on the merits." (Def.'s Mem. in Supp. of Mot. 4 & Ex. 5.) Defendant refused to enter into Plaintiff's proposed stipulation, arguing that the action is moot and the Court lacks jurisdiction to approve such a stipulation. (*Id*. at 4-5 & Ex. 6.) Plaintiff responded that the action is not moot. Plaintiff reiterated its position that it would agree to dismiss this action only upon Defendant agreeing to enter into a release or a stipulation "constitut[ing] an adjudication on the merits." (*Id*. at 5 & Ex. 7.) On February 26, 2015, Defendant filed the instant Motion to Dismiss. Plaintiff filed a response on March 18, 2015. (ECF No. 40.)

## II.   LEGAL STANDARD

A party may move to dismiss an action based on the fact that the court lacks subject matter jurisdiction to hear the case. Fed. R. Civ. P. 12(b)(1). Indeed, a district court *must* dismiss an action if, at any time, the court determines that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion presents either a facial or a factual attack. *CAN v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). "A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff." *Nowak v. Major League Soccer, LLC*, ___ F. Supp. 3d ___, 2015 WL 480530, at *2 (E.D. Pa. 2015) (citation omitted). In a facial attack, we are confined to the pleadings and must consider the allegations in the light most favorable to the plaintiff. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack, "it is permissible for a court to review evidence outside the pleadings." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citation omitted). Therefore,

the court may consider affidavits, depositions, and testimony to resolve a factual attack. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). "In short, no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The plaintiff bears the burden of proving that jurisdiction exists. *Id.*

"Under *Gould Electronics, Inc.*, 220 F.3d at 178, we must start by determining whether we are dealing with a facial or factual attack to jurisdiction." *Atkinson*, 473 F.3d at 514. Defendant's Rule 12(b)(1) Motion is premised on the fact that it has withdrawn the claim for coverage. This is a fact that arose subsequent to the Complaint being filed, and a fact that does not appear within the pleadings. It is also a fact that goes to the heart of whether there remains an "'actual controversy,' a requirement imposed by Art. III of the Constitution and the express terms of the Federal Declaratory Judgment act, 28 U.S.C. § 2201." *Steffel v. Thompson*, 415 U.S. 452, 458 (1974). Accordingly, we will review the instant Motion as a factual attack.

**III.    DISCUSSION**

Defendant argues that the withdrawal of its claim for coverage in the *Dougherty* action renders this action moot, and therefore divests this Court of subject matter jurisdiction. Plaintiff responds that a live case and controversy remains. Plaintiff contends that the question of whether the Policy provides coverage for the *Dougherty* action remains unanswered, and Defendant's voluntary withdrawal of the claim does not make this action moot.

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003). Federal courts are without power to hear moot cases. *State*

*Farm Mut. Auto Ins. Co. v. Ormston*, 550 F. Supp. 103, 105 (E.D. Pa. 1982) (citing *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)). "[I]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Donovan*, 336 F.3d at 216 (citation omitted). This is particularly so in the context of a declaratory judgment action. Like the Article III requirement, the Declaratory Judgment Act requires that there be a "case of actual controversy" between the parties. 28 U.S.C. § 2201(a). "[L]itigants will not satisfy the 'actual controversy' requirement when their dispute becomes moot prior to judicial resolution." *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1023-24 (3d Cir. 1980) (citing *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)).

Courts have held that the withdrawal of a claim under an insurance policy renders a declaratory judgment action moot. For example, in *Ormston*, an insurance carrier sought a declaration that its insured was not entitled to uninsured motorist benefits. 550 F. Supp. at 104. The insured later withdrew his claim for insurance benefits "without prejudice" to his right to reassert the claim in the future. *Id*. The insured then argued that the action was moot. *Id*. The court agreed, holding that the insured's withdrawal of a claim for benefits rendered the action moot, and the case was dismissed. *Id*. at 106. Other district courts have reached similar conclusions. *See Selective Ins. Co. of South Carolina v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 734-35 (N.D. Il. 2011) (dismissing action on basis that insured's withdrawal of claim for coverage rendered action moot, notwithstanding withdrawal was without prejudice to reassert a claim in the future); *Unigard Ins. Co. v. Continental Warehouse*, No. 00-4279, 2001 WL 432396, at *3 (N.D. Cal. Apr. 26, 2001) ("[the insured] withdrew its claim, and thus there is no active claim against the [insurance] policy that needs to be investigated unless and until [the

5

insured] reasserts the claim."); *American Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*, No. 11-336, 2013 WL 3205345, at *3 (S.D. Cal. June 24, 2013) (holding that upon a withdrawal of a coverage claim "the issue of whether the Policy entitles [the insured] to any insurance benefits for the Settlement is an abstract legal question, and presents no actual controversy over which this Court has jurisdiction."); *Travelers Prop. Cas. Co. of America v. Centex Homes*, No. 14-1450, 2015 WL 966205, at *3 (E.D. Cal. Mar. 4, 2015) (finding that where insured withdrew its claim for coverage "and there is no indication that [the insured] intends to do so in the future, . . . there is no case or controversy between the parties").

The case and controversy in this case is the question of whether Plaintiff is liable to provide insurance coverage to Defendant for the *Dougherty* action. This question of liability arose at the Defendant's affirmative request, the submission of "notice" of the claim to Plaintiff to provide coverage under the Policy. Indeed, the terms of the Policy require Defendant to take this affirmative step as a prerequisite to obtaining coverage. (*See* Policy § X.A, Pl.'s Resp. Ex. 1.) In the absence of an affirmative request for coverage from Defendant, Plaintiff does not have any responsibility to provide coverage for the *Dougherty* action. This case and controversy is entirely dependent upon Defendant seeking to obtain coverage under the Policy.

However, Defendant has affirmatively and expressly withdrawn its claim for coverage for the *Dougherty* action. It has also represented that it will never again resubmit this claim for coverage. Clearly, these representations have the effect of nullifying the original request for coverage. Absent that request for coverage, Plaintiff does not have any obligation to provide coverage for the *Dougherty* action. In the absence of that liability, there is no live case and controversy present. The fact that the *Dougherty* action remains pending does not leave the question of Plaintiff's liability to provide coverage open. Plaintiff's liability to provide coverage

6

exists because of Defendant's request for coverage. Since that request has been withdrawn, and it has been represented that it will never be resubmitted in the future, any question of Plaintiff's liability is extinguished.

Plaintiff sought to limit its liability to provide coverage to Defendant by filing this litigation. It has obtained a favorable outcome through Defendant's representations. After receiving notice of the claim, Plaintiff requested that Defendant withdrawal its claim for coverage—Defendant has done so. After receiving this withdrawal, Plaintiff requested that Defendant represent it will never again resubmit this claim—Defendant has done this as well. There is no active claim against the Policy. Moreover, there is an explicit representation that Defendant's claim will not be resubmitted. There is nothing left to resolve between these parties. Plaintiff's request for an adjudication on the merits that the Policy does not provide coverage, amounts to nothing more than a request to issue an advisory opinion. Federal courts are specifically without "the power to render advisory opinions [or] to decide questions that cannot affect the rights of the litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (internal quotation marks omitted).

Plaintiff relies upon a series of cases to contend that Defendant's voluntary cessation of the disputed conduct (the claim for insurance coverage) does not render this action moot. None of the cases cited by Plaintiff are factually similar to the instant case. For example, in *Safeco Insurance Company of America v. Constitution State Insurance Company*, the withdrawal of a claim for coverage did not moot the action because the insured expressly reserved the right to reassert its claim in the future. 881 F.2d 1084, 1989 WL 90191, at *1 (9th Cir. 1989) (not precedential). The Seventh Circuit reached a similar conclusion in *Certain Underwriters at Lloyd's London v. Argonaut Insurance Company* based upon an insured's express reservation of

the right to continue the challenged conduct in the future. 500 F.3d 571, 575 (7th Cir. 2007). Moreover, in *St. Paul Fire & Marine Insurance Company v. T.J. Lambrecht Construction Company, Inc.*, the court found that the failure to tender a seventh complaint for a defense, after tendering the previous six complaints, did not moot the action without any reasonable indication that the insured would not tender the suit for defense again. No. 01-6496, 2001 WL 1609374, at *3 (N.D. Ill. Dec. 14, 2001). And in *Del Webb's Coventry Homes, Inc. v. National Union Fire Insurance Company*, the court held that the action was not moot because the insured did not truly withdraw its claim for coverage, as the withdrawal was contingent on favorable rulings from the court on other pending motions. No. 13-1330, 2014 WL 5817318, at *2-3 (C.D. Cal. Nov. 10, 2014). Defendant here has expressly withdrawn its claim for coverage and affirmatively represented that it will not reassert the claim in the future.

Defendant's burden of establishing mootness is heavy. *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). Nevertheless, Defendant has carried that burden here. Defendant has affirmatively and unequivocally represented to Plaintiff and to this Court that it has withdrawn its claim for coverage in the *Dougherty* action and it has expressly stated that it will never resubmit the claim in the future. Defendant will be bound by these representations to the Court and to Plaintiff. Indeed, these representations will serve to defeat any future claim by Defendant for coverage in the *Dougherty* action. The fact that Plaintiff considers these representations to be insufficient invites us to determine that they are disingenuous, and to speculate as to potential future conduct. We decline the invitation.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted and this action will be dismissed.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**